**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Robert Pegg, *on behalf of himself and all others similarly situated*, | : <br> : <br> : |
| Plaintiff, | : Civil Action No.: 1:13-cv-11944 |
| v. | : <br> : **CLASS ACTION COMPLAINT** |
| Collecto, Inc. d/b/a EOS CCA, | : <br> : |
| Defendant. | : <br> : |

Plaintiff, Robert Pegg, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.   Plaintiff, Robert Pegg ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Collecto, Inc. d/b/a EOS CCA ("EOS" or "Defendant"). Defendant negligently placed automated calls to Plaintiff's cellular phone, and to the cellular phones of others similarly situated, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

## JURISDICTION AND VENUE

2.   This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3.   Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391(b) because Defendant is a domestic profit corporation organized under the laws of the Commonwealth of Massachusetts and with its United States headquarters located in Norwell, Massachusetts. A substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Houston, Texas.

5. Plaintiff has never had a business relationship with EOS and never consented to be contacted by EOS on his cellular telephone.

6. EOS is part of the EOS Group of companies operating in over 27 countries.[1]

7. EOS maintains its United States headquarters at 700 Longwater Drive, Norwell, Massachusetts.

8. EOS operates, and at all times mentioned herein operated, as a debt collection agency.

9. EOS, on its website, describes itself as "[o]ne of the largest accounts receivable management companies in the U.S."

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone dialing systems.

12. Under the TCPA, an "automated telephone dialing system" ("ATDS") is: (1) an automated dialing system capable of storing or producing and dialing telephone numbers, using a random or sequential number generator; and/or (2) a predictive dialer, which makes automated calls at a pace designed to optimize matching a connected call with an available agent. *See* 47 U.S.C. § 227(a)(1)); *In re Rules and Regulations Implementing the Telephone Consumer*

---

[1] *See* www.eos-cca.com/AboutEOSCCA/AboutEOS.aspx.

*Protection Act of 1991*, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 12 (2008) ("FCC 2008 Declaratory Ruling").

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

14. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).

15. In the FCC 2008 Declaratory Ruling, the FCC confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.

## TCPA CLASS ACTION ALLEGATIONS

16. Defendant employs an ATDS as defined in 47 U.S.C. § 227(a)(1) and/or the FCC 2008 Declaratory Ruling.

17. Defendant used its ATDS to call Plaintiff on his cellular telephone.

18. On its website, Defendant describes the "Dialers" it uses as follows:

> EOS CCA's cutting-edge telephony software and hardware are integral to all our solutions. Our investment in multiple communication channels creates redundancy, so you never have to worry about being cut off from your customers. We effectively pair our technology with our service and collection professionals, establishing and maintaining ongoing communications with your customers so that long-lasting relationships are developed.[2]

---

[2] *See* www.eos-cca.com/SolutionsServices/ProductsServices.aspx.

3

19. More specifically, on its website, Defendant describes the dialing system it uses as follows: "Predictive Dialer – GC (Guaranteed Contacts)."[3]

20. The FCC has defined ATDS's, under the TCPA, to include "predictive dialers." *See* 2008 FCC Declaratory Ruling, ¶ 12.

21. Defendant used its ATDS to call Plaintiff on his cellular telephone at least 4 times on the following dates: June 11, 14, 19 and 20, 2013.

22. Defendant's calls came from the telephone number (877) 277-4882.

23. As is typical with calls originating from a predictive dialer, when Plaintiff answered Defendant's call, there was initially a period of silence, then the phone line disconnected and did not transfer to a live person.

24. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

26. Defendant did not have the required prior express consent from Plaintiff to place automated calls using an ATDS or an artificial or prerecorded voice to Plaintiff on his cellular telephone.

27. Pursuant to the TCPA and the FCC 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone using an ATDS or an artificial or prerecorded voice.

28. Defendant obtained Plaintiff's cellular telephone number, as well as those of other potential members of the class, not from the purported debtors or their creditors, but by buying the information through what is known as "skip tracing" or "skip location services."

---

[3] *See* www.eos-cca.com/AboutEOSCCA/Locations/RochesterMiniSite/Divisions/Collectionservices.aspx.

29. Defendant, on its website, describes its "skip tracing" activities as follow: "**Skip Tracing** – Our people are proficient with the use of state-of-the-art tools and techniques to find borrowers who relocate without updating their contact information. This learned skill is critical to the overall collection effort."[4]

30. Defendant, on its website, further describes its "Skip location services" as follows:

> Statistics show that over half the accounts turned over for collection annually have some "bad" information, including addresses or phone numbers. If you can't locate your customers, you can't communicate with them. Using exhaustive, ongoing search techniques and a variety of sources, EOS CCA performs "deep tracing" on your accounts to identify the best contact data.[5]

31. When cellular telephones are obtained from third parties using 'skip' techniques, Defendant does not obtain prior consent from the cell phone subscribers to call them using its ATSD.

A. *The Class*

32. Plaintiff seeks to bring TCPA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

33. Plaintiff's proposed Class is as follows, subject to amendment as appropriate:

> **Class Definition. All persons within the United States who, at any time during the last four years, received one or more non-emergency telephone calls from EOS, or one of its agents, to a cellular telephone through the use of an ATDS and whose phone number was obtained by EOS, or one of its agents, through skip tracing.**

34. Excluded from the Class are all people who consented to receive calls and all officers, directors, and employees of Defendant, together with those individuals' immediate

---

[4] *See* www.eos-cca.com/AboutEOSCCA/Locations/RochesterMiniSite/DebtCounselingWorks/Services.aspx.

[5] *See* www.eos-cca.com/SolutionsServices/ProductsServices.aspx.

family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

### B. *Numerosity*

35. Upon information and belief, Defendant has placed millions of automated calls using an ATDS to cellular telephone numbers belonging to millions of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### C. *Common Questions of Law and Fact*

37. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

38. The following questions of law and fact common to the Class members are ripe for determination:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

      c. Whether Defendant is liable for damages, and the amount of such damages; and

      d. Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. *Typicality*

40. Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar automated telephone call.

### E. *Protecting the Interests of the Class Members*

41. Plaintiff will fairly and adequately represent Class interests.

42. All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

43. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

### F. *Proceeding Via Class Action is Superior and Advisable*

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

46. The members of the Class are generally unsophisticated individuals whose rights

will not be vindicated absent a class action.

47.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

48.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

49.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

50.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51.     Defendant negligently placed multiple automated calls using an ATDS to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

52.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

53.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

4. Such other relief as the Court deems just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 13, 2013

                              Respectfully submitted,

                              By  */s/ Sergei Lemberg*

                              Sergei Lemberg, Esq.
                              LEMBERG & ASSOCIATES L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorney for Plaintiff