**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT PEGG, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>COLLECTO, INC. d/b/a EOS CCA,<br><br>      Defendant. | CIVIL ACTION NO. 1:13-cv-11944-RGS |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Collecto, Inc. d/b/a EOS CCA ("Defendant") hereby responds to the numbered paragraphs of Plaintiff's Amended Complaint as follows:

### INTRODUCTION

1.    The first paragraph of Plaintiff's Complaint requires no answer as it merely purports to describe the Plaintiff's causes of action.  To the extent an answer is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.    Paragraph 2 states a conclusion of law to which no response is required and is otherwise denied.

3.    Paragraph 3 states conclusions of law to which no responses are required and are otherwise denied.

### PARTIES

4.    Defendant is without sufficient knowledge or information to admit or deny the sentences contained in paragraph 4 of the Complaint.

5.    Defendant is without sufficient knowledge or information to admit or deny the sentences contained in paragraph 5 of the Complaint.

2

6. Admitted.

7. Admitted.

8. Defendant is without sufficient knowledge or information to admit or deny the sentences contained in paragraph 8 of the Complaint.

9. Defendant states that the website referenced in paragraph 9 of the Complaint speaks for itself, and denies all allegations inconsistent therewith.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. Paragraph 10 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

11. Paragraph 11 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

12. Paragraph 12 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

13. Paragraph 13 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

14. Paragraph 14 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

15. Paragraph 15 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

## TCPA CLASS ACTION ALLEGATIONS

16. Paragraph 16 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

17. Denied.

34374690v1

18.     Defendant states that the website referenced in Paragraph 18 of the Complaint speaks for itself, and denies all allegations inconsistent therewith.

19.     Defendant states that the website referenced in Paragraph 19 of the Complaint speaks for itself, and denies all allegations inconsistent therewith.

20.     Paragraph 20 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

21.     Denied.

22.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendant is without sufficient knowledge or information to admit or deny the sentences contained in paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

25.     Defendant is without sufficient knowledge or information to admit or deny the sentences contained in paragraph 25 of the Complaint.

26.     Defendant is without sufficient knowledge or information to admit or deny the sentences contained in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

28.     Defendant is without sufficient knowledge or information to admit or deny the sentences contained in paragraph 28 of the Complaint.

29.     Defendant states that the website referenced in paragraph 29 of the Complaint speaks for itself, and denies all allegations inconsistent therewith.

34374690v1

30.     Defendant states that the website referenced in paragraph 30 of the Complaint speaks for itself, and denies all allegations inconsistent therewith.

31.     Denied.

A.     ***The Class***

32.     Paragraph 32 of Plaintiff's Complaint requires no answer as it merely purports to describe the Plaintiff's causes of action.  To the extent an answer is required, Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

34374690v1

49.    Denied.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq.*

50.    Defendant repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Defendant alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction of over the TCPA claims asserted by the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is an unintentional recipient of the alleged calls, and is therefore not a "called party" for purposes of the TCPA.  Accordingly, Plaintiff lacks standing to assert the underlying claim.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's TCPA claims can only be brought in state court.

34374690v1

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his damages and his claims herein should be barred or any recovery reduced in proportion to Plaintiff's said failure to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff consented to receive any alleged prerecorded message calls and auto-dialed calls on his cell phone by providing his cell phone number to the creditor.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's telephone system is not an automatic telephone dialing system under 47 U.S.C. § 227(a) because the telephone system does not use a random or sequential number generator to store or produce or dial telephone numbers.  Moreover, Defendant's system entails human intervention.

## NINTH AFFIRMATIVE DEFENSE

Defendant states that if it violated the TCPA, which it denies, the Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has an established business relationship with the Defendant such that his claims under the TCPA are barred.

34374690v1

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver, laches, ratification, unclean hands, and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's request for class certification fails as a matter of law because Plaintiff cannot satisfy the requirements for class certification.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's proposed class definitions are improper as a matter of law.

Defendant reserves the right to supplement these affirmative defenses as discovery proceeds.

COLLECTO, INC. d/b/a EOS CCA
By Its Attorneys


*/s/ Andrew M. Schneiderman*

Ranen S. Schechner, BBO #655641
Andrew M. Schneiderman, BBO #666252
HINSHAW & CULBERTSON LLP
28 State Street,24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)

Dated:      November 4, 2013


## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*

Andrew M. Schneiderman

34374690v1