UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT PEGG, *on behalf of himself and all others similarly situated*,<br><br>            Plaintiff,<br><br>    v.<br><br>COLLECTO, INC. d/b/a EOS CCA,<br><br>            Defendants. | :<br>:<br>: Civil Action No.: 1:13-cv-11944-RGS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**JOINT STATEMENT**

Plaintiff, Robert Pegg, and Defendant, Collecto, Inc. d/b/a EOS CCA, respectfully submit the following Joint Statement in accordance with the Court's Notice of Scheduling Conference and LR 16.1(D):

**I.    Proposed Pre-Trial Schedule**

The Parties advise the Court that there is a motion pending before the Multi-District Litigation Panel to consolidate this action with other similar actions. *See In re Collecto, Inc. Telephone Consumer Protection Act Litigation Case Number: MDL No. 2513*. The MDL movants suggest to consolidate the cases in the United States District Court for the District of California.

Robert Pegg plans to support consolidation and suggest, instead, that the cases be consolidated before this Court because, among other reasons, Defendant is domiciled in the District of Massachusetts and key witnesses and documents are located in this District.

Defendant likewise supports consolidation. However, Defendant plans to support transfer of the matter to the United States District for the Northern District of California as it appears to be the more appropriate venue. *Lofton v. Collecto, Inc.*, No. 13-cv-03293-YGR, is the first filed action and is venued in the Northern District of California. The parties to that action have already conducted a Case Management Conference. Defendant also recommends a stay of the underlying matter until a decision is made on the appropriateness of transferring this matter to the MDL litigation, and the venue for any such litigation.

1.  **Initial Disclosures.** Initial Disclosures required by FRCP 26(a)(1) must be completed by **January 13, 2013**

2.  **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **February 14, 2013**.

3. **Fact discovery – Interim Deadlines.**

   a. All requests for production of documents and interrogatories must be served no later than **February 28, 2014.**

   b. All requests for admissions must be served no later than **February 28**

   c. All depositions other than expert depositions, must be completed no later than **July 11, 2014**.

4. **Fact Discovery – Final Deadline.** All discovery, other than expert discovery, must be completed no later than **August 1, 2014**.

5. **Expert Discovery.**

   a. Plaintiff's trial expert(s) must be designated, and the information contemplated by FRCP 26(a)(2) must be disclosed no later than **September 10, 2014**

   b. Defendant's trial expert(s) must be designated, and the information contemplated by FRCP 26(a)(2) must be disclosed no later than **October 20, 1014**

   c. The depositions of all trial experts must be completed no later than **November 25, 2014**, with the deposition of Plaintiff's expert(s) to precede the deposition of Defendant's expert(s).

6. **Dispositive Motions.**

   a. Dispositive Motions such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings must be filed no later than **January 1, 2015**.

   b. Opposition to dispositive motions must be filed within 30 days after service of the motion.

   c. Reply briefs may be filed within 15 days after service of an Opposition.

II. The parties do not consent to trial by magistrate judge.

III. The parties request that the Court permit them to stipulate to a modest extension of deadlines outlined above if circumstances warrant such an extension.

IV. In preparing this Joint Statement, the parties have taken into account the desirability of conducting phased discovery. The parties anticipate that a

      proposed agreement governing the preservation and production of electronically stored information may be necessary in this case The parties agree to discuss issues related to ESI in connection with their initial disclosures and subsequent discovery requests, at which time the parties believe such discussions will be better informed.

  **VI.**    The parties' LR 16 Certifications will be filed separately.

DATED: December 6, 2013

By:*/s/ Andrew M. Schneiderman*
Ranen S. Schechner, BBO #655641
rschechner@hinshawlaw.com
Andrew M. Schneiderman, BBO #666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson, LLP
28 State Street, 24th Floor
Boston, MA 02109
*Attorneys for Defendant*

DATED: December 6, 2013

By:*/s/ Sergei Lemberg*
Sergei Lemberg, Esq. (Bar Roll No. 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I, Andrew M. Schneiderman hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                */s/ Andrew M. Schneiderman*
                                    Andrew M. Schneiderman

34382927v1 0951264