UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASTER NO. 14-MD-02513-RGS

IN RE COLLECTO, INC.,
TELEPHONE CONSUMER PROTECTION ACT LITIGATION

MEMORANDUM AND ORDER
ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY

July 1, 2016

STEARNS, D.J.

On February 10, 2016, this court denied defendant Collecto, Inc.'s motion for summary judgment and ordered the parties to proceed with discovery regarding class certification. On February 23, the court set the deadline for class-related discovery for August 22, 2016, and the deadline for the consolidated plaintiffs to file any motion for class certification for December 9, 2016. The parties proceeded with discovery; on April 20, 2016, plaintiffs filed their fourth set of requests for admission (RFAs), numbered 58 through 83; their second set of interrogatories; and their seventh set of requests for production.

Collecto responded on May 23, 2016, but did not offer any substantive responses; instead, Collecto issued blanket objections to each of the plaintiffs' RFAs. To RFAs 58 through 79, Collecto submitted the following objection:

> Defendant objects to this request on the grounds that the class has not been defined as no Consolidated Complaint has been filed. Defendant objects to this request on the grounds that it is overly broad and not proportional to its likely benefit and is premature. Defendants object to this request on the grounds that it is duplicative of previous discovery and is therefore cumulative and harassing.

With respect to RFAs 80 through 83, which seek information regarding an expert telecommunications consultant retained by Collecto, Aaron Woolfson, and his personal knowledge of the call logs and FACS database, Collecto additionally objected that the requests sought information likely to be in the custody or control of third parties.

On June 1, 2016, counsel for the plaintiffs requested that the parties meet and confer regarding Collecto's objections by June 15, 2016. The plaintiffs allege that Collecto never responded to this request. Consequently, plaintiffs and putative class representatives John Lofton and Robert Pegg filed two motions to compel discovery responses; the first, a motion to compel responses to RFAs 58 through 83, was filed on June 16, 2016.[1] Pursuant to Local Rule 7.1(b)(2), Collecto was to file any opposition within 14 days, or by June 30, 2016; as yet, Collecto has submitted no opposition to the motion.

---

[1] The second motion concerned two interrogatories, numbered 19 and 20, and was filed on June 21, 2016. Collecto has until Tuesday, July 5, 2016 to submit any opposition.

Collecto's refusal to comply with class discovery because of the absence of a consolidated complaint is without merit. As the plaintiffs observe, this court has neither ordered the plaintiffs to file a consolidated complaint, nor has it stayed discovery pending such a filing.

RFAs 58 through 79 merely request an affirmative or negative response to a specific inquiry regarding the data included in Collecto's call logs and FACS database, and whether that data can be used to identify or exclude potential class members. The requests are neither overbroad (on the contrary, they are quite discrete), nor premature, or disproportionate to their likely benefit (Collecto's response may indicate whether the plaintiffs can effectively use the call logs and FACS database to identify a universe of potential class members, which is an obvious prerequisite for any motion for class certification). Finally, while Collecto broadly alleges that each request is duplicative of previous discovery, it offers no evidence in support. In the absence of any response from Collecto, the plaintiffs' motion to compel discovery is allowed.

RFAs 80 through 83, on the other hand, relate to Woolfson's personal knowledge of whether particular computer files constitute call logs (and whether that personal knowledge is extensive enough to allow Woolfson to testify). Collecto reasonably objects that the extent of Woolfson's personal

3

knowledge is likely known only to Woolfson himself. The plaintiffs have not demonstrated that Woolfson is within Collecto's de facto control, which would trigger a duty on Collecto's part to undertake a "reasonable inquiry" as to the extent of his personal knowledge. Fed. R. Civ. P. 36. Moreover, while Woolfson's knowledge of the call logs and FACS database, and his ability to testify regarding the same, may be relevant to issues at trial, the plaintiffs have not demonstrated that Woolfson's knowledge is relevant to the discrete issue of class certification.

ORDER

For the foregoing reasons, the plaintiffs' motion to compel responses is <u>ALLOWED</u> as to RFAs 58 through 79, and <u>DENIED</u> as to RFAs 80 through 83. The request for sanctions is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE